## McFarland v. Morrison, administratrix.

Per Curiam. Under the peculiar facts of this case, the verdict which was directed was contrary to law.

(a) Trover was brought by a temporary administrator appointed pending litigation over the probate of a will in this State, against an individual, seeking to recover certain certificates of deposit in banks in Tennessee, passbooks showing deposits in that State, certain money deposited in a bank, a watch and chain, several promissory notes, and "a deposit box" in a bank, containing deeds, etc. The defendant denied that the deceased died testate, and asserted that he had been appointed administrator in Tennessee, and was legally in possession of the property under such appointment; that a petition had been filed in Tennessee by the present plaintiff for the purpose of having revoked the letters of administration there granted, and of having the property held by the Tennessee administrator delivered to the petitioner; and that this resulted in a judgment denying the prayer, but retaining the case on the docket to await the result of the litigation in Georgia over the probate of the will. Under the evidence introduced in the present case, the presiding judge directed a verdict for the plaintiff for a certain amount, but subject to be satisfied by the indorsement and delivery to the plaintiff of certain certificates of deposit (apparently not those sued for, but others which had been issued to the defendant as administrator in lieu of them), and by the payment to the plaintiff of an amount of money on deposit in a bank in Tennessee to the credit of the defendant as administrator. The verdict so directed allowed the defendant to retain an amount sufficient to pay his expenses as administrator in Tennessee, including reasonable compensation for his services as such administrator, and including certain attorneys' fees, but not those in this case or in the proceeding in Tennessee to obtain a revocation of the administration in that State. Finally the defendant was required to deliver to the plaintiff all the other notes, mortgages, etc., described in the petition, except one which it was recited had been paid. Held, that, in an ordinary common-law action in the nature of a trover suit, to recover personal property alleged to have been converted, there was no authority of law for the judge to direct, and the jury to find, such a verdict seeking to compel such affirmative action by the defendant as an indorsement and delivery of certificates other than those sued for, and a delivery of cash deposited in a foreign State in the name of the defendant as administrator under appointment in that State, and to have an equitable settlement of the accounts of the defendant as such administrator.

(b) The only grounds of the motion for new trial were the general ones that the verdict was not authorized by the evidence and was contrary to law; and as it is held that the verdict directed and rendered was not authorized, this court forbears to discuss various propositions of law argued in the briefs, and which may be more clearly brought out on another trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
**February 25, 1915.**

. Trover. Before Judge Wright. Walker superior court. November 17, 1913.

*W. M. Henry, J. E. Rosser,* and *W. H. Payne,* for plaintiff in error.

*R. M. W. Glenn, Maddox & Doyal,* and *Sizemore, Chambliss & Chambliss,* contra.